for 20-3392 Southern Iowa, Adaeze Duncan v. International Markets Live. We're prepared to hear argument. Thank you, Your Honor. My name is Joe Gamble and I represent the appellant International Markets Live, Inc., which I'll refer to sometimes as IML. This is an appeal of the district court's denial of IML's motion to compel arbitration. It's an immediate appeal filed under the Federal Arbitration Act, Section 16. IML provides educational tools, information, and services for those interested in trading foreign currency and cryptocurrency. IML's users enter independent business owner agreements. The users are called IBOs and their agreements are called IBO agreements. The plaintiff, Appalee Adaeze Duncan, was an IBO of IML. She entered an IBO agreement in June 2016. As an IBO, her entire relationship with my client is governed by that IBO. She argues that she has no contract with IML because she did not sign some standalone paper entitled an IBO agreement. This position conflates the digital execution process with the terms of the IBO. Like many agreements in the modern economy, the IBO agreement is not a paper contract. It's made up of the terms and conditions and the policies and procedures. These documents are readily accessible to Ms. Duncan at all times, and it is critical to note that those verbatim documents, terms and conditions, and policies and procedures, the exact terms, were attached to our motion to compel in the affidavit of our COO. When Ms. Duncan joined IML, she became an IBO. She acknowledged by clicking with a mouse that she completely read both the terms and conditions and the policies and procedures and fully agreed to both. Ms. Duncan has failed to generate a fact question on that point. The IBO, in those terms, contains a binding arbitration clause. Now, the issues before the court attempt to be somewhat disputed. The district court correctly considered the motion to compel arbitration as akin to a motion for summary judgment, but it erred in two ways. First, it erred in finding that Ms. Duncan generated a genuine issue of material fact on the existence of an agreement to arbitrate. It appears that both sides are aligned on the framing of that issue. Second, even if that issue of fact existed, even if a fact issue existed, it was erroneous to deny the motion at that stage because the FAA requires a trial on whether a valid agreement to arbitrate was entered. Now, Ms. Duncan appears to... Mr. Gamble, on your first issue, we view this akin to a motion for summary judgment. And I think our case law is pretty clear as you've represented. Well, traditionally, in a summary judgment setting, we don't review this kind of an order from the district court. Why are we looking at it again? And what in our circuit's precedent leads you to your conclusion? Your Honor, yes, we are akin to a motion for summary judgment under federal rule of civil procedure 56, but it isn't one. It is a motion to compel arbitration under the FAA and the FAA and the federal cases and federal treatment of same give a healthy regard to arbitration and all doubts are cast in favor of arbitration. Plus, unlike rule 56, the FAA has that automatic, well, immediate appeal available where we don't have it. Is it the immediate appeal to avoid the harm of litigating and then finding out that you have the right to an arbitration? And in this case, didn't you arbitrate for eight months? And if you look at our Kelly opinion, once you've litigated this thing below and you've amended your complaint a couple of different times, you know, haven't you waived your right to arbitration? I mean, you clearly there's a three prong test as I see it. They have to know that you have an existing right to arbitrate. You drafted the provision. You had to know that it existed. The second prong is that you have to act inconsistently with this right. And by litigating and putting in an answer and then an amended answer and then a second amended answer and taken eight months to raise the question of arbitration, haven't you acted inconsistently with it? And then you get to the third prong, which is has somebody has the other party been prejudiced? And so, I mean, why are we here eight months later on something that should have been raised immediately? And why isn't their prejudice arising out of that delay? So, here's the deal, judge. I'm going to address the waiver argument. I will say that as it's set forth in our briefs and in the Meyer v. Uber Technologies case from the second circuit, we didn't get a ruling on waiver in the district court. And my position is it's not before this court, but here's why we didn't waive. Well, can't we can't we decide on anything that's in the record, right? I mean, this is and hasn't it been actually developed below? What fact findings are actually needed to to to to get to the waiver? I suppose you're going to argue what prejudice is not cannot be inferred from the delay. I will respond to the court's question with that. But the reason I'm saying that this court doesn't have a ruling on waiver to review is we don't the judge specifically didn't rule on it. The district court did not rule on waiver. Here's why we here's why waiver is not applicable, your honor. It's easy to get sucked into the eight month alleged delay, but you really look at the timeline here. Everything that happened is administrative stuff. No substantive legal work happened other than things that had to be done. So my client got sued in Iowa State Court. And so why wasn't waiver raised in the very first answer? Or why wasn't arbitration raised in the very first answer? It was raised in a subsequent amended and substituted pleading, but we were behind the eight ball. As I recall, we didn't get served right away. We remanded the case to federal court, which is our right. Everything that we did adds time to the process, right? So we wanted to the federal courts to answer to adjudicate this lawsuit. We removed it. We got faced with then we had to file a responsive pleading. Now filing an answer. Judge does not waive arbitration. One must substantially invoke the machinery of litigation and expose the other side to discovery, etc. Which it would not face an arbitration. Just the filing of the answer doesn't do that. Then we get faced with a motion to remand and we have to resist that because we did as is our right wanted the federal court to adjudicate the case. There was we had to file a compulsory counterclaim with our answer. So we don't waive it. And then we had a motion to dismiss that along the way. We did participate in a required discovery conference, but that's not exposing the plaintiff to anything that she would not have to do in arbitration. No prejudice there. We never served any discovery requests. No depositions happened from either side. We didn't answer discovery and we even got permission from the district court to not do that. So as not to waive arbitration. So for these reasons, we did not waive it. I don't believe it's before this court, but I'm not going to tell this court that it can't consider it. I think that the uber case says it shouldn't and that must be ruled upon by the district court first. Judge Kelly was asking me a question about the first issue in this case and why we're able to look at the motion for to compel arbitration and appeal it quicker than we could actually never could appeal a motion denying a strike that in order denying a motion for summary judge. But the reason we can do it here is because it's FAA. So this motion should have been granted outright based on the fact that there is no genuine issue of material fact, but the district court found one. And the district court found issues. The fact that I'm my position is are not genuine or material there. Can I follow up on your answer as to why you think that we can review this? You cite to the act. Well, the act says if that you get a try it like you would go to a fact finder. So so I'm curious as I'd like to explore that a little bit more with you what the legal basis is for us to do that. Other than just saying, well, it's in the it's in the FAA, which may be the answer, but I need a little bit more detail as to why or a case within our circuit that guides us as to why we are going to just be akin to a summary judgment proceeding and not like one. Yes, your honor. The case is Nebraska Machinery Company and the FAA talks about if there are fact issues, you must have a trial on them in the Nebraska Machinery Company provides. I believe for both propositions that you gotta have a trial. And if you're not given one, your recourse is to appeal as an immediate appeal to this court. Now, my position in Nebraska Machinery didn't what didn't this court just send it back down for the trial on the issue? Yes, your honor. And that would be the second point of error that I was trying to get to. And that is, if this court concurs with the district court that there are factual issues, I'm not conceding that I don't think there are. But if this court disagrees with me there, then we need to go have a trial. We were never given that chance. The court said fact issues equal foreclosure of motion to compel motion denied. Go litigate in district court, even though you have an arbitration clause. That's not how it works. We get a trial because when we have a trial, we will show for sure that these boxes were checked and that this plaintiff agreed to this arbitration agreement. And so did you file anything with the district court to say, hey, now that you've denied this motion to compel, we need a trial. Was there any kind of filings in the court on that that step of the process? No, your honor, because we got an outright denial. We got an order from the district court saying the motion to compel is denied. We cannot compelling arbitration is, quote, foreclosed, close quote. So we did follow the FAA and file this appeal to get that trial. If this court agrees that there were material fact issues. Now, the fact issues, I want to make it real clear that you've got to look at this idea that the screenshot that was attached to my client's affidavit is only substantially identical to what the plaintiff had. That is conflating the execution process, clicking boxes with what the terms actually were. The terms are identical and the terms are agreed to and accepted with those clicks. The fact that the screenshot is mutual is substantially similar or substantially identical must not be confused with the identical terms that the plaintiff agreed to through the process, which is my client's standard process. And the cases say that if you have evidence of what your company's standard process is and the plaintiff would not have been able to get the product or services without jumping through those hoops, as long as you attach the same terms, which we did, you have satisfied such that there are no issues of material fact. There are no further questions. I would like to reserve the rest of my time for rebuttal. You may. Thank you. Councilor, we're prepared to hear from you. I forgot to hit the unmute. Good afternoon. My name is Daniel Konacek and I represent the plaintiff in this case, Daisy Duncan. I would like to follow up on Judge Erickson's questions to Council about the waiver issue and your reference to the Kelly case, which references the Llewellyn factors, Your Honor, that you were referencing the three factors that should take into account as to whether or not there's been a waiver. The issue can be raised, Judge, at this point in the case on appeal, and I'd cite the Brown versus St. Louis police decision that under the procedure here, you can affirm on any basis in the record. So there is a basis within that record. In fact, there was a lengthy discussion and evidence to show that there was a waiver of this right to arbitration that they claim based on the Llewellyn factors. We did a chart in comparing the factors in this case to the more recent decision by this circuit in Messina, where Messina applied the Llewellyn factors, the three factors. To those facts, and it's remarkable when you look at the chart that we prepared and you compare what happened in Messina to our case. And I mean, they're eerily close on the chart. You had the very same thing in terms of the activity that was inconsistent with arbitration. You had the defendant actively participating. You know, he says, well, we wanted to litigate in federal court. Judge Erickson, your question to him was, why didn't you raise it initially in the state court? Is there something different about the state court? And it's how it reads and litigates and decides arbitration issues. All the cases are the same. Because even in the federal court, you're going to look at the state court's application to contract law. All of the 8th Circuit decisions and the federal district court decisions all went to Iowa law, if it's an Iowa issue, which it was. So they actively litigated. They participated in discovery. We've shown in the record where we produced discovery. We did Rule 26 disclosures. There was an order setting forth the case on a discovery procedure that would have concluded with dispositive motions that were required to be filed by December. And you can find that at the record, the appendix, page 225. So we had gone through two of those scheduling orders with the court. The other thing, and I don't know how they ever get around this on the waiver issue. If you look at... Granted, even granted that all that may be true, wouldn't the district court be in a better position to assess prejudice than this court? I don't think so because it's de novo. The review. So I think you're in the same position based on the record. But might not the record change on remand, right? Yeah. Yeah. I don't want to... I didn't say, yeah, it might, Your Honor, but I want to discuss that because, and I apologize. I can't remember who asked counsel. Judge Kelly, I think it was you. You said, why wasn't this raised at the trial level, at the district court level? If you needed more evidence or believed that there was something additional you needed to argue or raise with the court, if it's akin to a Rule 56, then everybody knows that under a Rule 56 you have to present admissible evidence by way of affidavit. Or other documentation that would be admissible under the rules of evidence. So they're the ones who came forward with the belated motion. They're the ones who initially presented evidence. Why didn't they present the evidence that's admissible under the federal rules of evidence, the evidence that is admissible under an appropriate affidavit? Why didn't they say to the district court? We need more time. We need to develop the record, Judge Erickson. Why wasn't, that was never, ever raised by them, that they need to develop more facts. In fact, if you look at the case law on this very issue, it says in these circumstances, the party that holds the proof, which in this case, IML did, the courts say they bear the burden. The onus is on them. Not once was it ever requested that they need more time, more evidence, more discovery, a deposition. Never. Even after we submitted the affidavit of a Daisy Duncan, even after we produced document after document after document to show that they sat on the rights, they acted inconsistently with the rights. And within the Daisy Duncan document that we were prejudiced by continuing to litigate in the manner which we had over 150 hours, as we said in our brief of work, litigating in the district court. I wanted to point out in this, it just can't be overlooked. They filed IML, a complaint in Nevada district court against my client seeking a jury trial. That's at the record at page 439. That's at the record at page 439. Everything they did was inconsistent with the right to arbitrate. We established prejudice by not only the length of time, but the hours of work that we put into the case, believing that they were acting in good faith, that the scheduling order set by the court would be complied with, that we're producing documents under rule 26 in order to support our case. In the record, we talked about how we had already contacted experts and we're preparing the case for trial. So we have established prejudice on that eight month time period before they finally decided to raise this and never once was it argued they needed more time. But more importantly, they didn't seek the rights they had under the federal rules of civil procedure to have the district court in a post trial motion to consider what he just argued here and what they raised for the first time in their briefs. That they didn't have enough evidence that they deserve to trial that there were issues. Do if the, if the apps gives them the right to a trial on this particular issue, do you think that why were they required to then follow up with an additional motion after their motion to compel for arbitration? Why wouldn't it be then incumbent upon the court to say, all right, I'm denying this at this sort of kind of quasi summary judgment like stage. Now I'm going to set up for trial. Why would they be entitled to it? Yeah, why isn't that incumbent on the discord? I mean, what under what theory are you saying that they have to then initiate a post trial post order motion to actually preserve what they're saying is they're entitled to under the act. Because it gave the district court a chance to clean up or correct any errors. That's the whole purpose of it in a motion to reconsider, but more importantly, well, that's number 1 and number 2. Now they're claiming it. It's too late. It was never raised their judge. The other thing, and that's important to understand, and I can't emphasize it enough. They initiated it. They should have understood as counsel is conceded and what everybody knows that they've read the case. Once you produce evidence, this turns into a Rule 56 and it's governed by Rule 56. So everybody knows how Rule 56 works. If we've been licensed to practice in federal courts and you're required to submit admissible evidence. I want to point out because to correct counsel in the record here just to make sure there's no misunderstanding at the addendum page 8 under the court section discussion in her learned order order here in well well reasoned decision. She states the court finds. IML has not met its burden of proof to show the existence of an enforceable agreement. She didn't say there's a question of fact on that. She found based on the record that was produced to her through the litigants. That there were no material issues of fact. And that I am now failed in its burden to prove that there was an enforceable agreement and we can go through. Can I ask a question about that? You know, yes, I understand that. That's what she said. But as I look at it, it looks like that. She essentially made a finding that if you go through the whole click wrap and you get to the end, if there are no screenshots that shows shows what the in this case, what is Duncan actually. Is that right? No, what she actually said that then it fails, but the reality is I can't find a single case anywhere that says if you have a substantially well, if you have an identical click wrap that if you go all the way through and you can't get to the becoming a member or entering into the contract without checking the right boxes. That that's not enough. I mean, while there are cases where they had screenshots, no one ever said you needed a screenshot that I can tell. Am I wrong on that? I don't want to ever say you're wrong, Judge, but the cases that the court relied on, and I thought she did a good job doing this is she she she she contrasted, for instance, the Owen case where the atheon like this case said, oh, there was a summary. They never produced the summary and that, oh, it was discussed, but they never produced the summary of the show. It was discussed. And in the Owen case at the northern district of Iowa, they said the burden of proof is on the party was greater access to the proof. In addition to the office, the vice president not being able to produce this Excel summary of the the dispute resolution plan, the employee in addition said, I don't recall ever seeing it. If you go from Owen, Your Honor, to the Mason case in the 11th Circuit, I think here is where they apply the federal rules and they say it has to be admissible evidence in the court. There said in the Mason case, you said that it's a click wrap, as you've described here, that is substantially similar in form that doesn't cut it under the federal rules of evidence. And she compared it to the Meyer case where Meyer they brought in the software engineer and they said here, this is how it's kept in the regular regular course of business. This is the fellas. We've got his registration. We have his email account. We have our engineer who produced the document showing he did it. And that's what the court here did in its analysis of why on that record there was enough evidence to show they met their burden of proof. And I think if you look at the affidavit of the gentleman that was provided here on behalf of IML, and frankly, if you read the paragraphs and the affidavit is at 331 through 337 of the record, if you go through paragraph 789, 14 and 15, they are so confusing. He's talking about an IBO agreement. The record that they produced on this contents and all that refers to an affiliation agreement, not an IBO agreement. Not only that, he says the relationship between Daisy Duncan and a firm in paragraph eight was and is governed by such an IBO agreement. There is no IBO agreement. They've never produced the agreement. And that's what the district court said. In this case, you referenced IBO agreement. You've never produced an IBO agreement that supposedly, according to this gentleman's affidavit in paragraph nine, incorporate the terms and conditions. How do we know? And how is that admissible unless they produce the IBO agreement that says we incorporate terms and conditions? This time is growing very short. I'd like to ask you to address the Nebraska Machinery Company case. And how is the district court's denial of the motion to compel arbitration consistent with that case? So in the Nebraska decision, Judge, let me just, I had it pulled out already. The issue. Bear with me one second. All dealt with the UCC and what constituted a contract between the parties. The court went into the whole discussion of, okay, I got the purchase order. Is that enough? I didn't agree to the purchase order. I sent an invoice. Is that enough? So the district court there in the 8th Circuit went through the whole UCC and said, we can't resolve this here. There are questions under the UCC for both sides. And it's a confusing and complex factual pattern. Not here. Not based on the record that IML produced to this court and to the district court. The last item, and I think can't be overlooked, the petition that was filed was for her work to do marketing. She's a teacher and she's a good communicator. So they hired to prepare documents completely unrelated to what this company does in the cryptocurrency. So under the law, it says the particular dispute falls within the terms of the agreement. If you read paragraph 11.11 of that, what they try to rely on, there is no way that can ever be construed when you read the petition to cover her claim there. I appreciate the time. Your honors. Thank you. We appreciate your argument. Mr. Gamble, I believe you have some rebuttal, but I'll tell you, you are on the honor system because the clock is no longer visible on my screen. So I will let you proceed and you can watch your own clock. Yes, your honor. And on the honor system, I do have a clock, so I'm going to watch it. We we need to. If you're going to look at that argument that was just made at the very end of the police oral argument, which hasn't been made before, those terms and conditions say they cover the entire relationship. So they do cover what he's talking about, these alleged marketing activities, etc. The court asked, I think it was just grass asked, what is the Nebraska furniture case? What does Nebraska machinery case that says if there are fact issues, you must have a trial? That case relies very heavily on Howard from the 10th Circuit, and that case says, quote, one thing the district court may never do is find a material dispute of fact does exist and then proceed to deny any trial to resolve the dispute issues. None of these cases have ever relied on Rule 56. The Apple is acting as though he got summary judgment. The court found that there was no contract. That's not what happened here. The district court found fact issues and then just kick the motion without resolving them. Um, my client did not stay in state court and moved to compel arbitration in state court because it is not from Iowa and under diversity jurisdiction and removal jurisdiction, it is entitled to go into the federal system. That's where it wanted to be, and that's where it went. And you want to talk about 150 hours of legal work. Those are not the result of any alleged delay by my client. 150 hours includes moving to remand to state court unsuccessfully moving to dismiss my counterclaims, which were compulsory counterclaims. And so not you can't just look at 150 hours of work being done and attributed to alleged prejudice as a result of alleged waiver and delay. Um, you want to look at the chart in the Apple is brief. They choose what was on on that chart, and it does not discuss the things that didn't happen here. No depositions, no discovery served by my client. We did move to compel arbitration, and then we were just outright denied without a trial. Um, and I will also say that you really need to look at the Uber case. The Brown versus ST Louis case is an 8th Circuit case that does say the district court can if it wants to rule upon some things that this court can rule upon things that were not ruled upon by the district court. But that's an old case, and it's not an FAA case. Meyer V Uber is a newer case, and it's FAA, and it says you need a ruling from the district court on waiver before this court should examine it. For those reasons, and those set forth in our principal brief and reply brief, the appellant respectfully requests that the district court be first. Thank you to both counsel. We appreciate your argument, and we'll take the matter under advisement.